**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4932

ALDEANER LEE STODDARD,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-97-221)

Submitted: December 29, 1998

Decided: February 10, 1999

Before HAMILTON and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Aldeaner Stoddard appeals from her conviction, pursuant to a guilty plea, of one count of possession with intent to distribute crack cocaine and aiding and abetting another in distributing crack cocaine in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1998) and 18 U.S.C. § 2 (1994). Stoddard's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that Stoddard's appeal does not present any meritorious issues. Counsel asserts that the district court complied with Fed. R. Crim. P. 11 in taking Stoddard's guilty plea and properly determined her sentence under the Sentencing Guidelines. Stoddard was informed of her right to file a pro se supplemental brief and has not done so. Finding no reversible error, we affirm.

The court properly determined that Stoddard was competent to enter a plea and that she understood the charge against her. She was informed of the maximum and minimum sentence and the possible fine. Stoddard stated that she understood the court was obligated to consider the applicable Sentencing Guidelines. The court also reviewed the oral plea agreement with Stoddard. Stoddard stated that she was not promised anything other than what was in the agreement. She was informed of the rights she was waiving by entering a guilty plea. After hearing from Stoddard and the Government, the court found a sound factual basis for accepting the guilty plea.

The court also properly determined Stoddard's sentence. Because Stoddard had two prior felony convictions of either a crime of violence or a controlled substance offense, her base offense level was 32. See U.S. Sentencing Guidelines Manual § 4B1.1(C) (1995). She received a three-level reduction in the offense level for acceptance of responsibility. See USSG § 3E1.1. Because Stoddard was a career offender, she was placed in Criminal History Category VI. See USSG §§ 4B1.1. As a result, Stoddard's sentencing range was 151 to 188 months' imprisonment. She did not make any objections to the presentence investigation report. The court sentenced Stoddard to 151 months' imprisonment.

2

Pursuant to the requirements of <u>Anders</u>, this court has reviewed the record for potential error and has found none. Therefore, we affirm Stoddard's conviction and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3